## McCALL *v.* WILKINS *et al.,* commissioners.

1. Article 3, section 7, paragraph 8, of the constitution of Georgia (Civil Code, § 6437), which provides that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," is not applicable to proposals by the legislature to amend the constitution. The legislative **proposal** of 1914, to amend article 11, section 3, paragraph 1, of the con-

stitution (Civil Code, § 6600), is not invalid on account of any conflict with article 3, section 7, paragraph 8, of that instrument. *Cooney* v. *Foote*, 142 *Ga.* 647 (83 S. E. 537).

2. The act approved August 16, 1915 (Acts 1915, p. 425), entitled "An act to abolish the office of county treasurer of Wayne County, and to provide in what manner the funds of said county shall be disbursed by the selection of a bank as a depository and to handle the funds belonging to said county and to pay same out on county vouchers; to provide for said bank to give bond, and for other purposes," embraces only one subject-matter, and is not in violation of article 3, section 7, paragraph 8, of the constitution (Civil Code, § 6437), on the ground that it includes more than one subject-matter.

3. The passage of the act of 1915, referred to in the preceding note, was authorized by the express provisions of the amendment to the constitution by the act of 1914, referred to in the first note above, and, being so, is by force of the constitution unaffected by the following provisions: (*a*) Article 11, section 2, paragraph 1 (Civil Code, § 6599), providing for the election of county officers by the qualified voters of the counties or districts, their terms of office, how they shall be removed, and certain qualifications necessary to their eligibility. (*b*) Article 11, section 3, paragraph 1 (Civil Code, § 6600), providing that tribunals or officers for the transaction of county matters shall be uniform throughout the State, and of the same name, jurisdiction, and remedies, except that the General Assembly may provide for the appointment of commissioners of roads and revenues in any county. (*c*) Article 2, section 4, paragraph 1 (Civil Code, § 6391), providing that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. (*d*) Article 3, section 7, paragraph 17 (Civil Code, § 6445), providing that no law or section of the code shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed.

4. It appearing that, in virtue of the act of 1915 (Acts 1915, p. 425), the office of county treasurer of Wayne county was abolished and provision made for deposit and disposition of the public funds of the county through the agency of a banking institution, it was not erroneous for the judge, on presentation of the petition of the plaintiff alleging himself to be county treasurer and seeking to enjoin the board of commissioners of roads and revenue from dealing with the public funds in the manner specified in the act, to refuse to sanction the petition and issue a rule nisi as prayed.

JUNE 14, 1916.

Petition for injunction. Before Judge Highsmith. Wayne superior court. December 30, 1915.

*W. W. Bennett,* for plaintiff.

ATKINSON, J. 1. The ruling announced in the first headnote does not require elaboration.

2. The act approved August 16, 1915 (Acts 1915, p. 425), contains a number of provisions. By section 1 it is provided that from and after January 1, 1916, the office of county treasurer of Wayne County shall be abolished and cease to exist. Section 2 authorizes the commissioners of roads and revenue of the county to select some duly incorporated bank or banks in the county to act as depository and disbursing agent of the public funds of the county. Section 3 provides that the disbursing agent shall receive no compensation, but shall be induced, if possible, to pay the county for the privilege of acting as such. Section 4 provides that the depository bank shall be required, before becoming such, to give a bond payable to the commissioners of roads and revenue, with security, conditioned for the faithful performance of all the duties pertaining to the appointment, in the sum of $40,000, to be approved by the commissioners, and that the property of the bank, as well as of the securities on the bond, shall be bound, from the time of the execution of the bond, for payment of any liability arising from a breach of the bond. And the commissioners are authorized to call upon the depository to strengthen or give a new bond, and to revoke the appointment of the bank as depository and disbursing agent. Section 5 prescribes the duties of the depository, among them being to pay, without delay, when in funds, all orders issued by said commissioners, or by their authority, according to the dates of the order; to take a receipt on each order, when paid, and file it away; to keep books covering described data, tending to show the receipt and disposition of the public funds; and lastly to report and appear before the commissioners whenever notified, and before the grand jury on request, and render an account of the acts and doings of such depository, and exhibit its books and vouchers. Section 6 provides that the commissioners shall have authority to prescribe other reasonable duties and regulations for the government of the depository from time to time, by which it shall be bound. Section 7 provides that the disbursing agent shall be appointed and give bond by the first day of January, 1916, the date on which the act went into effect, and that the county treasurer shall deliver to the depository all county funds then in his hands, and at the same time deliver to the commissioners of roads

and revenue all records, books, and papers pertaining to his office. Section 8 provides that in case the commissioners shall be unable to make satisfactory arrangements with any bank in the county, or in the event there should not be a bank in the county, the commissioners shall have authority to appoint some bank in the adjoining county to act as depository. Section 9 provides that the commissioners shall determine in each case, at the time of making the appointment, the length of time during which the bank shall act as depository, not exceeding twelve months. Section 10 provides that all depositories appointed under the act shall be liable both civilly and criminally, as county treasurers are liable, for any nonfeasance or malfeasance of duty, and the commissioners shall have the right to proceed against the depository and the securities on their bond as in case of county treasurers, and that the tax-collector shall be required to turn over all funds when collected to the depository. Section 11 repeals all conflicting laws.

It is said that this act embraces one subject-matter, namely, the matter of abolishing the office of county treasurer, and another subject-matter, namely, that of authorizing and empowering the commissioners of roads and revenue of the county to select a duly incorporated bank to act as depository and disbursing agent of the public funds of the county; and that because it contains more than one subject-matter it is violative of article 3, section 7, paragraph 8, of the constitution of this State, found in the Civil Code, § 6437. The act, considered in its entirety, manifests a comprehensive legislative scheme to deal with the public funds of the county through the medium of agents of a fiduciary character. All of the provisions of the act are germane and relate to one and the same matter. The legislative intent was to deal with an existing condition; and in order to complete the object of the legislation, it was necessary to repeal the existing law in the county relative to the office of county treasurer, and also to provide for the handling of public funds, a duty which theretofore had devolved upon the county treasurer. It happens that in the first section of the act it was provided that the office of county treasurer in the county should be abolished, and that in subsequent sections the matter of providing for the handling of public funds in the county through the instrumentality of fiduciary agents was dealt with. But the net result of it all would no more constitute a plurality of subject-matters than

if there had been no reference in the first section to the abolition of the office of county treasurer, and after providing for the appointment of fiduciary agents and safeguards looking to the preservation of the county funds, as specified in the act, it had then provided for the repeal of all conflicting laws. This is merely a different way of stating the proposition and illustrating that the act involved only one subject-matter.

3. It was further contended that the act of 1915 was unconstitutional, on the ground that it was violative of certain other provisions of the constitution, which are mentioned in the third headnote, and need not be repeated. The untenableness of each of the several grounds of attack upon the constitutionality of the act manifests itself when effect is given to the amendment to the constitution, which, by its express terms, empowers the legislature to abolish in any county the office of county treasurer thereof. Patently it could not have been the intention to abolish all means of preserving and handling the public funds of a county. In authorizing the legislature to abolish the office of county treasurer in any particular county, this contemplated the abolition of the former method of such preservation and handling of the funds of the county, and by necessary implication left the legislature free to adopt some other appropriate method in lieu thereof. This amendment became an integral part of the constitution, and the other provisions of the constitution mentioned will be construed in harmony with it.

4. It is unnecessary to elaborate on the ruling announced in the fourth headnote.

*Judgment affirmed. All the Justices concur.*