## BOARD OF EDUCATION OF DECATUR COUNTY *v.* DRAKE, tax-receiver.

1. The tax-receiver of Decatur County was not entitled to the commission on the county-wide school tax which was computed and levied from digests prepared by him.
2. The provision for paying commissions to the county tax-collector and receiver for services rendered in connection with State and county tax, as provided in sections 1234 and 1202 of the Civil Code, that the tax-receiver shall receive the same compensation as the tax-collector for such services, does not embrace a provision for paying the receiver commissions for any services in connection with the levy of the county-wide tax for school purposes, raised under the provisions of our code of school laws.

No. 3614.   OCTOBER 13, 1923.   ADHERED TO ON REHEARING, FEBRUARY 28, 1924.

Mandamus.   Before Judge Custer.   Decatur superior court. January 22, 1923.

*Hartsfield & Conger,* for plaintiff in error.
*Thornton & Drake,* contra.

BECK, P. J.    J. E. Drake, tax-receiver of Decatur County, brought his petition praying for the issuance of a writ of mandamus requiring the board of education to pay over to him the per cent. which he contended should be allowed tax-receivers upon the general county-wide tax levy for school purposes.   The judge, upon hearing the matter, which was stated by both parties to be one of law, passed an order making the mandamus absolute, and directing the board of education to pay over to the receiver the amount claimed by him to be due.   To this judgment the board of education excepted by writ of error duly sued out, bringing the matter here for review.

In section 1234 of the Civil Code, which relates to the compensation of tax-collectors and receivers, it is provided: "The commissions to be allowed to each receiver and collector of State and county tax shall be as follows, viz.:   On all digests" a certain per cent. paid upon each digest specified.   Section 1202 of the Code,

relating to a tax-receiver's compensation, reads as follows: "The county shall pay the receiver one half of what the collector gets for collecting the county tax." This section, however, was amended by the act approved August 17, 1918, entitled "An act to amend section 1202 of the Code of Georgia, by striking out the words 'one half of what' wherever they occur, and inserting in lieu thereof the words 'the same compensation;'" and as amended the section reads, "The county shall pay the receiver the same compensation the collector gets for collecting the county tax." And it was insisted by the applicant for mandamus in the court below that those sections were controlling upon the question made by the application for mandamus and the answer. But a consideration of those sections in connection with the provision in the code of school laws (Acts 1919, pp. 288-363) leads us to a different conclusion. Section 1234 of the Civil Code relates to compensation of receivers and collectors of State and county tax. Section 1202 relates to compensation of receivers for their duty in connection with the county tax. But the tax in question here is a tax raised under the provisions of the code of school laws authorizing a local tax for public schools upon all of the property of a county where an election has been held and has been carried for local taxation (section 122 of the code of school laws; Acts 1919, p. 337). Under the provisions of section 122 of the code of school laws, where an election as to local tax upon the property of the county has been held and the election is carried for local taxation, the ordinary or board of county commissioners, whichever levies the county tax, must levy a local tax as recommended by the county board of education "or such board of public education as has control of the public schools of the county;" and the same shall be collected by the county tax-collector and paid by him to the county board of education or such board of public education as has control of the public schools of the county, and it is the duty of the tax-collector to keep the funds thus collected separate and distinct from the county and State funds, and he shall receive therefor a specified commission. And in section 130 of the code of school laws it is provided that "It shall be the duty of the tax-collector to compute and collect said taxes, keeping the same separate by school districts from the county and State funds, and monthly turn same over to the secretary of such local school districts, as well as tax received for said district from

railroads and other corporations that make their returns to the comptroller-general taking the receipt for the same upon order from the county school superintendent, and said tax-collector shall receive as compensation therefor two and one half per cent. of the amount collected up to eighteen thousand ($18,000.00) dollars and one and one fourth per cent. on any additional amount collected."

Thus we see in two different sections of the code of school laws distinct provision is made for paying the tax-collector of the county a certain percentage of the tax in compensation for his services in connection with the collecting of the taxes for the school fund raised under the provisions of the sections referred to; but there is no provision for paying the receiver; and we do not think that the provision in section 1202 of the Civil Code, that the tax-receiver shall receive the same compensation as the collector for the county tax should be extended so as to allow him the same compensation as the tax-collector for the discharge of his duties in connection with the school funds raised under the provisions of the section above referred to. In a certain sense that is a special tax, outside of the ordinary county tax. There is good ground for making the distinction between the tax-collector and the tax-receiver in regard to their compensation. The tax-collector not only computes the tax, but he collects it. He discharges real and substantial duties in regard to this fund; while the tax-receiver has no duties to perform in regard thereto. The computing and collecting of the tax adds nothing to his labor performed in making up the tax digest. His labors are exactly the same as if this fund was not collected at all. Force is added to the conclusion which we have reached by the two considerations, that under the code of school laws, in the section already pointed out, provision is distinctly and specially made for paying the tax-collector, and the tax-receiver has no duties to perform upon which a claim could be made that he should have the same compensation as the collector. And so we conclude, from all the provisions of the statutes relating to the question in hand, that the tax-receiver was not entitled to the compensation, upon his right to which the application for mandamus in the present case was founded; and therefore the court erred in making the mandamus absolute.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*