HURST, tax-receiver, *v.* BOARD OF COMMISSIONERS OF BURKE
COUNTY.

HILL, J. 1. The tax-receiver was not entitled to the commission on the
county-wide school tax which was computed and levied from digests pre-
pared by him.

2. "The provision for paying commissions to the county tax-collector and
receiver for services rendered in connection with State and county tax,
as provided in sections 1234 and 1202 of the Civil Code, that the tax-
receiver shall receive the same compensation as the tax-collector for
such services, does not embrace a provision for paying the receiver com-
missions for any services in connection with the levy of the county-wide
tax for school purposes, raised under the provisions of our code of school
laws." *Board of Education of Decatur County* v. *Drake,* 157 *Ga.* 8 (121
S. E. 645). In the case just quoted from, mandamus was directed against
the Board of Education of Decatur County. In the present case it is
brought against the Board of Commissioners of Roads and Revenues of
Burke County. The ruling in the above-cited case is applicable to the
facts of the instant case; and regardless of whether the suit should
have been brought against the Board of Education of Burke County as
insisted, or the Board of Commissioners of Roads and Revenues, the
plaintiff was not entitled to a mandamus at all; and the court did not
err in dismissing the petition on motion.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and
Atkinson, J., dissenting.*

No. 3764. FEBRUARY 26, 1924.

Mandamus. Before Judge Franklin. Burke superior court.
April 5, 1923.

*H. C. Hatcher,* for plaintiff.

*H. J. Fullbright* and *Joseph Law,* for defendants.