25495, 25508.  GAINER, Chairman, et al. v. ELLIS, Tax Commissioner, et al.; and vice versa.

FRANKUM, Justice.  At issue in this appeal and cross appeal is the constitutionality of a local Act of the legislature which changed the method of compensating the Tax Commissioner of Jeff Davis County from the fee system to a salary.  Ga. L. 1969, p. 3418.  The judge of the superior court held the Act unconstitutional on the ground that the notice published in the newspaper for the locality affected was insufficient to put the public on notice of the intention to change the mode of compensating the Tax Commissioner of Jeff Davis County because the only notice of intention to introduce local legislation that accompanied the bill as an exhibit was one giving notice of the intention to place the *Tax Collector* of Jeff Davis County on a salary basis in lieu of a fee basis.  That ruling was excepted to by the defendants in their appeal.  The trial court overruled other attacks on the constitutionality of the Act, and that ruling is excepted to in the cross appeal.

1. By the Act approved March 26, 1935, the legislature abolished the offices of Tax Receiver and Tax Collector of Jeff Davis County and consolidated into one office the duties of the two offices aforesaid.  Section 7 of that Act provided in part that "the purpose of this Act [is] to put into effect the Constitution of this State as is contained in article eleven (11), section three (3), paragraph one (1)."  The reference was to the Constitution of 1877, and the provision thereof referred to authorized the General Assembly "to consolidate the offices and duties of tax receiver and tax collector in any or all of the counties of the State, the official performing the duties of said two offices, when so consolidated, to be known as county tax commissioner."  We have before us no constitutional attack on the 1935 Act.  Nevertheless, since it was expressly enacted pursuant to the constitutional authority above quoted, it could not be effective to do more than was authorized by the Constitution, and though the Act purports to abolish the two offices and to combine the duties of both into one office of Tax Commissioner of Jeff Davis County, it will be construed as merely consolidating the two offices and duties of tax receiver and tax collector into one office.  Thus, the complainant here was at one and the same time both Tax Receiver and Tax Collector of Jeff Davis County and

when notice was given, through the required publication of intention to introduce local legislation, that the proposed bill would change the method of compensating the tax collector, the public was bound to know that it had reference to the only office in the county government having any relation to collecting taxes, that is, the office of tax commissioner, and the public was put on notice of whatever facts a prudent inquiry would have revealed. Such an inquiry would undoubtedly have led any interested person to secure a copy of the proposed legislation, and since the caption of the Act in question clearly shows that it proposed to change the method of compensating the *Tax Commissioner* of Jeff Davis County, no one, including the complainant, could have been misled by the advertisement. It follows that the Act was not unconstitutional on the grounds held by the trial court.

2. Cross appellant contends that the Act is unconstitutional because it violates the provisions of Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) prohibiting the passage of any law which refers to more than one subject matter or contains matter different from what is expressed in the title thereof, and that the superior court should have so held. The caption of the Act in question reads in part as follows: "An Act to abolish the present mode of compensating the clerk of the superior court and the tax commissioner of Jeff Davis County, known as the fee system; to provide in lieu thereof annual salaries for such officers; . . ." In support of this contention counsel for the cross appellant in his brief says "The legislature by its authority might have changed the mode of compensating the county officials of Jeff Davis County, Georgia, as a class and thereby have stayed within the requirement as to one subject matter; however, when they undertook to, by one bill, change the mode of compensating two separate and distinct offices as such, they violated the rules which prohibited the passage of the law which referred to more than one subject matter." That position is untenable. The subject matter of the Act in question is the method of compensating public officials of Jeff Davis County. The legislature is free to deal with one or more of the offices of the county as it deems essential to remedy the evil which it finds to exist, and it is not necessary to the validity of the Act that the Legislature undertake a general revision of the method of compensating all of the public officials of the county in order to deal in one

Act with the method of compensating more than one of such public officials. An examination of the body of the Act shows that it undertakes to abolish the present mode of compensating the clerk of the Superior Court of Jeff Davis County and the Tax Commissioner of Jeff Davis County and to provide a different method of compensating these officials. The purpose to accomplish such results is set forth in the title of the Act and it cannot be said that the Act contains matter different from that expressed in the title. See *Carroll v. Wright*, 131 Ga. 728, 744 (63 SE 260); *McCall v. Wilkins*, 145 Ga. 342, 345 (89 SE 219); *Crowell v. Akin*, 152 Ga. 126, 139 (108 SE 791, 19 ALR 51); *Fields v. Arnall*, 199 Ga. 491, 496 (34 SE2d 692).

3. The legislature had the unquestioned authority to pass the Act changing the manner of compensating the complainant, and the contention that the Act is violative of the due process clause of the Federal and State Constitutions is without merit. *Houlihan v. Saussy*, 206 Ga. 1 (55 SE2d 557). "The wisdom, policy, or expediency of such legislation, and whether the compensation fixed by the Act is adequate, are questions for decision by the legislative branch of the government, with which this court has nothing to do." *Barnett v. Boling*, 214 Ga. 401 (3) (105 SE2d 312).

4. The remaining grounds of attack on the Act are without merit. It is obviously not violative of the provisions of Art. III, Sec. I, Par. I of the State Constitution (*Code Ann.* § 2-1301) as constituting an unconstitutional delegation of legislative authority. *Sheffield v. State School Authority*, 208 Ga. 575, 582 (68 SE2d 590). Likewise, the Act is not violative of the requirement of Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401) requiring laws of a general nature to have uniform operation throughout the State. Article XI, Sec. II, Par. II (*Code Ann.* § 2-7902) of the Constitution expressly authorizes the legislature to fix the basis of compensation of county officers. *Laurens County v. Keen*, 214 Ga. 32, 34 (102 SE2d 697).

5. The Act in question is not violative of any of the constitutional provisions pointed out by the plaintiff in his complaint, and the trial court erred in holding that the publication of the notice of intention to introduce local legislation was insufficient to meet the constitutional test but did not err in overruling the other constitutional attacks.

*Judgment reversed on main appeal; affirmed on cross appeal. All the Justices concur.*

ARGUED NOVEMBER 10, 1969—DECIDED JANUARY 8, 1970—
REHEARING DENIED FEBRUARY 5, 1970.

·C. W. Heath, for appellants.
J. Laddie Boatright, for appellees.