## 27188.   CAIN v. LUMPKIN COUNTY.

JORDAN, Justice. On August 10, 1971, the governing authority of Lumpkin County, Georgia, pursuant to *Code* § 89-824, issued an execution against Raymond O. Cain, Tax Commissioner of Lumpkin County, Georgia, and against his surety, Hartford Accident & Indemnity Company. The execution was in the principal sum of $12,927.83 against the tax commissioner and in the principal sum of $10,000 against the surety, the amount of the bond of the tax commissioner. The sum alleged in the execution to be due Lumpkin County is the amount of the county tax and commissions collected by the Tax Commissioner for the calendar year 1969, for which he failed to account to the county.

The tax commissioner then filed a suit in equity against Lumpkin County seeking a judgment declaring the execution void and to set the same aside and cancel it of record. Lumpkin County filed defensive pleadings by which it defended the validity of the execution. The parties waived jury trial and the trial court rendered a judgment in favor of the county from which the commissioner appeals. *Held:*

1. The General Assembly created the office of Tax Commissioner of Lumpkin County in 1931 and provided compensation therefor. The Act has since been amended five times, all amendments relating to salary increases. The latest amendment in 1963 fixed the commissioner's salary at $3,600 per annum. The commissioner contends that he is not on a salary basis (and thus entitled to commissions allowed by Ga. L. 1953, p. 234, § 1; *Code Ann.* § 92-5301) because the amendatory Acts fixing such salary are unconstitutional. We hold, as did the trial court, that the 1963 Act, Ga. L. 1963, p. 2422, is not

subject to the constitutional attacks made, making it unnecessary to consider the attacks made against the prior amending Acts.

The appellant contends that the 1963 Act did not comply with the constitutional requirement that "No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the sheriff's advertisements for the locality affected are published, once a week for three weeks during a period of sixty days immediately preceding its introduction into the General Assembly." Art. III, Sec. VII, Par. XV of the Constitution (*Code Ann.* § 2-1915). The notice here given, as disclosed by the record, was sufficient to meet this requirement. The Constitution does not require specificity in the notice, but requires only a general notice sufficient to put the public on notice that legislation affecting a particular subject will be introduced. *Walker Electrical Co. v. Walton,* 203 Ga. 246 (46 SE2d 184); *Gainer v. Ellis,* 226 Ga. 79 (172 SE2d 608).

The 1963 Act, as enrolled, shows on its face that notices were published on February 15, 1963, February 22, 1963, and March 1, 1963, and that the bill was introduced on March 5, 1963. We judicially notice that February 15 and 22, and March 1, 1963, were successive Fridays, and that March 5, 1963, was Tuesday of the next week. Sunday is generally recognized as the first day of the week, and declared so by statute in this State. Ga. L. 1943, pp. 331, 332 (*Code Ann.* § 14-1810).

Under these facts the legislation was not introduced during the calendar week in which the last notice was published, as was the case in *Bracewell v. Warnock,* 208 Ga. 388 (67 SE2d 114), and thus does not offend the constitutional provision quoted supra. See *DeKalb County v. Carriage Woods Civic Assn.,* 228 Ga. 380 (185 SE2d 752) and citations.

2. The general law as amended in 1965 (Ga. L. 1965, p. 626; *Code Ann.* § 92-5304) provides that tax collectors

and tax commissioners are entitled to a 10% commission on all taxes collected in excess of 90% of the net tax digest, and further provides that the governing authority of a county by appropriate resolution may provide a commission of 10% of all taxes collected in excess of 80% of the total taxes due. These commissions are allowed "even though he is paid on a salary basis," where the salary is less than $8,000 per year.

The evidence in this record supports the finding of fact by the trial judge that the governing authority of the county has not authorized the tax commissioner to retain commissions of 10% over 80% of the net tax digest collected.

This leaves for consideration the tax commissioner's contention that since the county concedes that he is entitled to commissions of 10% of all taxes collected in excess of 90% of the net tax digest as well as the motor vehicle license fees allowed him as agent of the State Revenue Commissioner, he is not on a salary basis and is therefore entitled to the commissions allowed under *Code* § 92-5301, as amended by Ga. L. 1953, p. 234, § 1. This contention is without merit. As we view this record in the light of the various statutes, we conclude that the Tax Commissioner of Lumpkin County is on a salary basis of $3,600 per annum and is entitled in addition thereto to commissions of 10% of all taxes collected in excess of 90% of the net tax digest, as well as entitled to any fees specifically authorized for acting as an agent of the State Revenue Commissioner in the sale of motor vehicle license plates. See citations, supra, and *Code Ann.* § 68-246 (b, c).

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 8, 1972—DECIDED JUNE 15, 1972—
REHEARING DENIED JUNE 28, 1972.

*Robert E. Andrews,* for appellant.
*Robert B. Thompson,* for appellee.