### 48109. SCRUGGS v. DORMINEY et al.

STOLZ, Judge. On February 26, 1972, plaintiff Scruggs sued the tax commissioner and the board of commissioners of Berrien County and their sureties to recover commissions on various county taxes assessed and accrued during the plaintiff's 1957-1968 tenure of office as Tax Commissioner of Berrien County but collected by his successor in office, defendant Dorminey, and commissions on executions issued by the plaintiff and satisfied since his leaving office, plus interest, attorney fees, and costs. The claim was based upon the provisions of the following general laws: Code § 89-830 (Ga. L. 1933, pp. 78, 92); Code Ann. § 92-5304 (Ga. L. 1937-38, Ex. Sess., pp. 297, 298; as amended, Ga. L. 1965, pp. 626, 627); Code § 92-8002; Code Ann. § 32-1106; and Code § 92-3805. It is undisputed that the plaintiff's compensation during his tenure was a commission, as provided by a special law, i.e., Ga. L. 1931, pp. 390, 394; 1945, pp. 1078, 1079; 1953, Nov. Sess., pp. 2653, 2656, that compensation for the office was changed to a fixed salary alone by an amendment to the 1931 Act, i.e., Ga. L. 1968, pp. 3473, 3475 (effective the day after the plaintiff's last term of office terminated); and that another amendment to the 1931 Act, i.e., Ga. L. 1970, p. 3188, effective March 1, 1970, provided for compensation for the office by a fixed salary plus commissions allowed by Code Ann. § 92-5304, supra.

The plaintiff appeals from the order, certified for immediate review, denying his motion for summary judgment. *Held:*

1. Code § 89-830 (Ga. L. 1933, pp. 78, 92) provides as follows: "In case a tax collector has been succeeded in office by another person, a list of the uncollected items of tax appearing in the account of

the outgoing tax collector at the time of the accounting as stated above shall be furnished by the State Revenue Commissioner or the county authority to the tax collector then in office, and *it shall thenceforth be his duty, as the taxes are collected, to pay to the outgoing tax collector one-half of the commissions and to retain for his services one-half, the commissions to be calculated as if the amounts had been collected by the outgoing tax collector;* and the outgoing tax collector shall no longer have the right or the duty to collect the taxes or to enforce the executions issued therefor, but all uncompleted duties in respect thereof shall pass to the successor. The outgoing tax collector and his sureties or his bond shall, upon his delivery to his successor of such books and papers in his office as relate to the uncollected taxes, be discharged of liability, except for defaults existing prior to that time." (Emphasis supplied.)

The above provision for the equal division of the "commissions," must be construed to apply only to commissions which are *legally* payable to the successor (incumbent) tax collector (commissioner here) at the time the taxes are collected. Otherwise, the effect of the statute would be to allow the incumbent official to retain commissions not authorized by law. Although this general statute has been in effect from 1933 to the present time, the incumbent Berrien County Tax Commissioner (defendant Dorminey) was not authorized to retain any commissions during the period of January 1, 1969 to March 1, 1970, because of the operation of the special statute, Ga. L. 1968, pp. 3473, 3475, providing for compensation by fixed salary with all collections to be paid into the county treasury. "Tax receivers and tax collectors have no vested rights in commissions for the collection of taxes until the taxes have been actually collected." *Clements v. Peerless Woolen Mills,* 197 Ga. 296 (1) (29 SE2d 175). Although all of the taxes for which the plaintiff seeks a commission have been actually collected, those collected during the period in which the 1968 Act was in effect were not subject to the commissions.

Moreover, Code § 89-830 (Ga. L. 1933, pp. 78, 92) must be construed in pari materia with Code Ann. § 92-5301 (Ga. L. 1878-79, p. 25; 1918, pp. 110, 111; 1937-38, Ex. Sess., pp. 297, 298; 1953, p. 234) relating to the commissions allowed each receiver and collector of State and County taxes wherein it is provided: "This section shall not apply to any county where the tax collector, tax receiver or tax commissioner is on a salary basis only."

With the enactment of Ga. L. 1970, p. 3188, however, the authority to retain commissions was restored to the office of Berrien County Tax Commissioner as of March 1, 1970, thereby making the provisions of the general statute, § 89-830 (the effect of which, as to Berrien County, having been temporarily suspended by the 1968 special Act), again applicable to Berrien County as to commissions on taxes uncollected during the plaintiff's tenure of office but collected after March 1, 1970. Thus, the plaintiff states a valid claim for commissions legally accruing only after March 1, 1970.

2. The plaintiff is also entitled to commissions accruing since March 1, 1970, based upon the provisions of Code Ann. § 32-1106 (Ga. L. 1919, pp. 288, 337; 1946, pp. 206, 211), for which the complaint, by amendment, prays. The 1923 cases of *Bd. of Ed. of Decatur County v. Drake,* 157 Ga. 8 (121 SE 645) and *Hurst v. Bd. of Commrs. of Burke County,* 157 Ga. 648 (122 SE 45), are not authority to the contrary, since the special Act creating the office of "County Tax-Commissioner of Berrien County" consolidated into that office the offices of tax-receiver and tax-collector of that county, which offices were thereby abolished (Ga. L. 1931, pp. 390, 391, §§ 1, 2). Recognition of the effect of such special Acts, is found in language of § 32-1106 referring to "the tax collector *or tax commissioner.*" (Emphasis supplied.)

3. Although the parties have stipulated the amounts of commissions to which the plaintiff would be entitled, if at all, based upon *all* back taxes collected by the defendant incumbent tax commissioner since taking office on January 1, 1969, there is no stipulation or evidence from which the trial court could have determined the amount of commissions accruing *after March 1, 1970,* to one-half of which the plaintiff is entitled. Therefore, the trial judge properly denied the plaintiff's motion for summary judgment, leaving this factual issue to be determined by proper proof.

4. The provisions of Code § 89-830 (Ga. L. 1933, pp. 78, 92) have no application to the provisions of Code § 92-8002 (Ga. L. 1861, p. 80). The latter code section allows a tax collector a fee of 50 cents for issuing a tax execution and defers payment thereof until the same is paid by the defendant.

It has been held that when this 50 cent fee is paid by the taxpayer, it is in law paid to the State through the tax collector as the State's agent, and is then retained by such agent under authority of law as compensation for his services. See *County of Bibb v.*

*Winslett,* 191 Ga. 860, 879 (14 SE2d 108). Thus, once the tax executions were issued by plaintiff,. he earned his statutory fee of 50 cents for each execution issued. Under the statute (§ 92-8002, supra) payment of the fee could be made only when the tax execution and costs were actually collected.

However, since it does not appear in the stipulation that the parties have agreed to the number of executions issued by plaintiff during his term of office which have been subsequently collected by his successor, issues of fact remain to be resolved.

5. Code § 89-421 provides for the measure of damages in cases such as the one sub judice. The reasonable expenses of suit plus court costs are included in the statute. Reasonable expenses of suit may include attorney fees. What constitutes reasonable attorney fees is a question of fact that cannot be resolved on summary judgment.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian and Clark, JJ., concur. Pannell and Evans, JJ., dissent.*

ARGUED MAY 2, 1973 — DECIDED JUNE 28, 1973 — REHEARING DENIED JULY 23, 1973 —

*Kelley & Allen, Roy Benton Allen,* for appellant.
*Knight & Perry, W. D. Knight,* for appellees.

PANNELL, Judge, dissenting. I agree that Code § 89-830 (Ga. L. 1933, pp. 78, 92) and the construction of the same controls this case. However, I disagree with the interpretation stated by the majority. This Act set out that outgoing tax collector's list of uncollected taxes be furnished by the State Revenue Commissioner or the county authority to the tax collector then in office; the incumbent tax collector has the duty to collect these unpaid taxes; the new Act putting him on a salary does not change his duties, it only provides how he shall be paid. He could not charge commissions on taxes collected by him from January 1, 1969 to March 1, 1970 because of the operation of the special statute, Ga. L. 1968, pp. 3473, 3475, but must pay all sums collected to county and receive a salary as compensation. The matter of his compensation was between the county and him and in no way affected the ex-collector or the collector's rights. The county was entitled to one-half commissions and the ex-collector was entitled to one-half commissions. This because the outgoing commissioner had lived up to his "contract" with the county and all that was left was for county to pay him whatever was due under the law when same was collected by the county's new agent—incoming or incumbent tax collector.

I would reverse.

I am authorized to state that Judge Evans concurs in this dissent.