## 55309. BELCHER v. SUMTER COUNTY.

BELL, Chief Judge.

This is a declaratory judgment action brought by the tax commissioner of Sumter County, Frank A. Belcher, Sr., to determine the proper method of computing his compensation. The office of Sumter County Tax Commissioner was created pursuant to Ga. L. 1925, p. 744, as amended by Ga. L. 1962, p. 2237. Section ten of this local Act provided that the tax commissioner receive commissions paid by the State of Georgia, supplemented by a sum fixed by the board of commissioners so long as the full compensation did not exceed $5,400 per year.

In 1976, the legislature passed a general law which applies only to tax commissioners paid a salary, and not to those compensated on a percentage fee basis. Ga. L. 1976, pp. 988, 989 (Code Ann. §§ 92-5306, 92-5309). The 1976 statute provides that local Acts dealing with compensation of tax commissioners shall remain in effect except where the local Act placed the tax commissioner on

a salary and the salary is less than that fixed by the 1976 Act. This law set the salary of all tax commissioners of the State of Georgia according to the population of each individual county. According to this formula, plaintiff's salary would be $12,000.

Our statutes also provide that a tax commissioner is entitled to receive ten percent of all taxes collected over ninety percent of the total taxes due if his salary is not more than $8,000. Code Ann. § 92-5304. In addition, a tax commissioner is entitled to an incentive commission for selling license tags as long as his salary is less than $7,999. Code Ann. § 68-244. The trial court held that the plaintiff was on a fixed salary of compensation, and therefore the 1976 general Act raising his salary to $12,000 applied to plaintiff and made him ineligible for the commissions provided for in Code Ann. §§ 92-5304 and 68-244. *Held:*

Construing the 1925 Act as a whole, it is clear that the Act intended to place the tax commissioner on a fixed salary. The preamble of the 1925 Act states the intention to abolish the commissions then paid and to fix the compensation of the tax commissioner. Section nine of the Act states that the commissions paid the former tax receiver and tax collector would not be paid to the newly created office of tax commissioner. In addition, section twelve authorized the county commissioners to levy taxes ". . . sufficient to pay said salary of said Tax Commissioner. . ." Ga. L. 1925, p. 748. This Act has been amended only once to provide for a salary increase from $3,600 to $5,400. Ga. L. 1962, p. 2237.

We hold that section ten of the 1925 Act as amended placed the tax commissioner on a fixed salary, as opposed to creating a fee system of compensation. See *Cain v. Lumpkin County*, 229 Ga. 274 (190 SE2d 910). Therefore, plaintiff's salary is to be computed solely pursuant to Code Ann. §§ 92-5306, 92-5309.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 7, 1978.

*Myers, Parks & Fennessy, Michael A. Fennessy,* for appellant.

*Ellis, Ellis & Easterlin, George R. Ellis, Jr., Ben F. Easterlin, IV,* for appellee.