40303. MOBLEY v. BOARD OF COMMISSIONERS OF POLK COUNTY.

SMITH, Justice.

Appellant James P. "Pinky" Mobley appeals from a Polk County Superior Court order granting appellee Board of Commissioners of Polk County's motion for summary judgment and dismissing Mobley's counterclaim. At issue are commissions, totaling over $130,000, allegedly due Mobley for his services as tax commissioner of Polk County during the years 1967-1980. The superior court found that Mobley was not entitled to any of the commissions or fees claimed by him. We agree and affirm.

The Board initiated this lawsuit by filing its petition for mandamus, seeking payment of $19,262.56 in county revenues it asserts were wrongfully withheld by Mobley as commissions on taxes paid since January 1, 1981. Mobley filed an answer denying the allegations of the complaint and including a counterclaim which sought recovery of back commissions due him from the county. The trial court issued a writ of mandamus ordering Mobley to pay $19,262.56 to the county. That order was never appealed and is not

at issue here. We address only the issues raised by Mobley's counterclaim. The compensation claimed by Mobley for the years 1967-80 can be categorized as follows: (1) $15,805.50 as fees for issuing tax executions, see OCGA § 48-5-163 (Code Ann. § 91A-1361.1); (2) $87,406.75 as commissions due on the sale of motor vehicle tags, see OCGA § 40-2-30(b) (Code Ann. § 68-246); (3) $15,234.12 for commissions lost because of the county's failure to sell property on which delinquent taxes were owed; and (4) $13,147.40 as commissions on 1980 state and county taxes collected by Mobley. The superior court ruled that Mobley was not entitled to the unpaid commissions as a matter of law and dismissed his counterclaim. Mobley appeals.

In 1964 the legislature, by local act, consolidated the offices of Polk County tax receiver and tax collector into a single office of tax commissioner and set the annual salary of the tax commissioner at $18,000. 1964 Ga. L. 2265. Section 4 of that Act states: "It is specifically provided that the salary provided herein for the tax commissioner shall be in lieu of all fees, commissions, costs, fines, emoluments and perquisites of whatever kind, except those commissions allowed by an Act relating to the commission on taxes collected in excess of a certain percentage of the taxes due according to the tax net digest, approved January 17, 1938 (Ga. L. 1937-38, Ex. Sess. p. 297)."[1] The 1964 Act creating the office currently held by Mobley was amended in 1967 to require the tax commissioner to pay the salaries of two deputy tax commissioners in unspecified amounts out of his annual salary, 1967 Ga. L. 3178, and again in 1981 to increase the tax commissioner's salary to $20,000 and to eliminate all commissions on taxes collected by him, 1979 Ga. L. 4370 (effective January 1, 1981).

1. Mobley, relying on OCGA § 48-5-163(a) (Code Ann. § 91A-1361.1), contends that he is entitled to a $.50 fee for each tax execution issued by him during the period in question. We do not agree. The 1964 Act clearly states that the Polk County tax commissioner is to be paid an annual salary "in lieu of all fees, commissions, costs, fines, emoluments, and perquisites of whatever kind . . ." The trial court ruled, and we agree, that this language reflects the General Assembly's intent to place the tax commissioner's compensation on a salary basis and to restrict the fee system. See *Houlihan v. Saussy,* 206 Ga. 1, 7 (55 SE2d 557) (1949); *Belcher v.*

---

[1] The 1938 Act, codified at OCGA § 48-5-180 (Code Ann. § 91A-1370), provides for commissions to tax commissioners based on the percentage of the taxes due which are actually collected. That code section is not at issue here.

*Sumter County,* 145 Ga. App. 173 (243 SE2d 110) (1978). Under the 1964 local Act, Mobley was not entitled to receive any fees for issuing executions as set out in OCGA § 48-5-163 (Code Ann. § 91A-1361.1).

The decisions cited by Mobley, *County of Bibb v. Winslett,* 191 Ga. 860 (14 SE2d 108) (1941), and *Scruggs v. Dorminey,* 129 Ga. App. 453 (199 SE2d 922) (1973), are not controlling here. Both of those cases involved local legislation which, like the 1964 Polk County Act, abolished the fee system of compensating tax collectors in the respective counties. Unlike the 1964 Act, however, the local legislation in both *Winslett* and *Scruggs* specifically approved the continued collection of execution fees. No such provision appears in the 1964 Act.

2. Mobley further contends that he is owed $80,406.75 by Polk County as commissions for the sale of motor vehicle tags during the years in question. OCGA § 40-2-30(b) (Code Ann. § 68-246) provides for a $.50 commission per license plate or revalidation decal issued by county tag agents. OCGA § 40-2-30(c) (2) (Code Ann. § 68-246), however, places the following condition on the payment of such commissions: "If such tag agent shall be a salaried employee of the county and at a salary in excess of $7,999 per annum, the amount of such fees so collected shall go into the general treasury of the county." For each of the years in question, state law provided that Mobley's annual salary as Polk County tax commissioner was $18,000. 1964 Ga. L. 2265; 1967 Ga. L. 3178. Thus OCGA § 40-2-30(b) (Code Ann. § 68-246) does not apply to him and this enumeration is without merit. See *Keen v. Lewis,* 215 Ga. 166 (109 SE2d 764) (1959); *Belcher v. Sumter County,* supra.

3. Appellant's remaining enumerations are not supported by argument or citation of authority and are deemed abandoned pursuant to Rule 45 (Code Ann. § 24-4545) of the Supreme Court of Georgia.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1984.

*T. Peter O'Callaghan, Jr.,* for appellant.
*Wayne W. Gammon,* for appellee.