42354. YOUNG et al. v. LOCKHART et al.
(334 SE2d 856)

WELTNER, Justice.

The City of Atlanta appeals from judgment determining that the clerks of the Traffic Court of the City of Atlanta are entitled to retain (as fees received in lieu of an increase in salary) twenty-five cents for each report filed by them in accordance with OCGA § 40-5-53 (b). The trial court noted that the city had no right to divert these fees into the city treasury.

OCGA § 40-5-53 (b) provides that "Every *court* having jurisdic-

tion over . . . [certain traffic offenses] *shall forward* to the department [of public safety], within ten days after the conviction of any person in such court for a violation of such law other than regulations governing standing or parking, a uniform citation form authorized by Article 1 of Chapter 13 of this title. The department shall pay to the *clerk of the court forwarding* the report 25 cents for each report forwarded." (Emphasis supplied.) Under a longstanding policy promulgated by the judges of the city traffic court, the fees paid were retained as compensation by their clerks who forwarded the reports. The state auditor questioned that practice, and the city then demanded that the fees be paid into the city treasury. The court clerks prevailed in the trial court, and the city appealed.

1. This case will be governed by determining the statutory reference of "forwarding," as employed in OCGA § 40-5-53 (b). Is the department to pay to the "clerk . . . forwarding" the report? Or is it to pay to the "court forwarding" the report, through its clerk?

The first requirement placed upon the court by the statute is this: "Every court having jurisdiction over . . . [certain traffic offenses] shall forward to the department. . . ." Hence, the duty is placed upon the court itself, and not upon any of its personnel. We hold that the import of the statute is that the court shall forward the report to the department through its agent, the clerk, and that the court forwarding the report shall receive the fee from the department — through its agent, the clerk. Hence, the fees properly must go into the city treasury. For a related matter, see *Mobley v. Bd. of Commrs.*, 252 Ga. 33, 34 (1) (311 SE2d 178) (1984).

2. We further hold that the city is estopped to claim from the clerks the fees previously received by them under the statute by express directives of their employer, the judges of the traffic court. *City of Summerville v. Ga. Power Co.*, 205 Ga. 843, 845-46 (55 SE2d 540) (1949). Cf. *State of Ga. v. MacDougall*, 139 Ga. App. 815 (229 SE2d 667) (1976), aff'd *MacDougall v. State of Ga.*, 238 Ga. 406 (233 SE2d 378) (1977). Hence, our ruling is prospective only.

*Judgment reversed. All the Justices concur, except Hill, C. J., and Smith, J., who dissent.*

SMITH, Justice, dissenting.

If the legislature did not intend that the twenty-five (25) cents paid for each report forwarded be paid to the clerk, then it could change the law in January 1986. I firmly believe that when a statute is unclear or ambiguous in which the individual is pitted against the state, the statute should be construed in favor of the individual.

If the legislature means otherwise it can change the statute. Construction of a statute in favor of the state may place an insurmountable burden upon an individual in cases where the legislature intended

the individual to prevail, since individuals rarely possess the know-how or power to effectuate legislation.

The language here is plain to me. It says, "[t]he department shall pay to the *clerk* of the court forwarding the report 25 cents for each report forwarded." (Emphasis supplied.) If the legislature had intended for the twenty-five (25) cents to go to the court, it would have left out the words "the clerk of" and it would have read, "shall pay to the court forwarding the report."

Either the clerks have the money coming or they do not. If they never had a right to the money we cannot give them title to it now as it was never theirs to begin with, and the City of Atlanta cannot give it away.

I am authorized to state that Chief Justice Hill joins in this dissent.

DECIDED OCTOBER 2, 1985 —
RECONSIDERATION DENIED OCTOBER 22, 1985.

*Marva Jones Brooks, Charles F. Barnwell, Michael L. Smith,* for appellants.
*Donald C. Turner,* for appellees.