### 75644. FADUM et al. v. LIAKOS.
(367 SE2d 843)

BENHAM, Judge.

A survey of the chronology of this case is necessary in order to resolve the procedural issues which control it. Appellee filed suit against appellants seeking an accounting of a purported partnership and alleging fraud. Service on the appellants was accomplished on March 4, 1986. On April 4, 1986, one day past the time in which appellants could answer the complaint, the first extension of time in which to answer was filed, giving appellants until May 9 to answer. A second extension was filed on May 13, four days past the expiration of the first extension, giving appellants until May 19 to answer. A third extension was filed on May 27, 1986, purporting to give appellants until May 26 to answer. An answer was also filed on May 27. On July 28, 1986, appellee moved for a default judgment against appellants. The trial court granted that motion on September 22, 1986, entering a default judgment against appellants as to liability and reserving the issue of damages for later determination. On October 1, 1986, a Georgia attorney filed an appearance denoting his representation of appellants; until that time, Fadum had signed all the pleading on his own behalf and on behalf of the corporate and partnership defendants. Two days later, on October 3, 1986, appellants filed a motion to open default. On December 1, 1986, appellants filed a demand for a jury trial on the issue of damages, denying appellee's allegations of damages. The trial court entered an order on the next day denying appellants' motion to open default. On April 7, 1987, the trial court entered an order awarding part of the damages sought by appellee, reserving for future determination the remaining damages issues. That order contained the finality language of OCGA § 9-11-54 (b), and was the order which triggered this appeal.

1. Appellants' second and third enumerations of error address the intertwined issues of the propriety of the trial court's entry of default judgment for appellee and its refusal to open the default pursuant to appellants' motion. The resolution of the first of those issues turns on the timing of the pleadings filed in this case. Appellants take the position that their various filings were timely because appellee agreed to extensions and waived any untimeliness in filing. Our review of the record does not support that position.

"A request for an extension of time governed by the CPA must be made before the expiration of the original period prescribed by the statute (OCGA § 9-11-6 (b)), and 'by written stipulation of counsel

filed in the action. . . .' Id. A private agreement between counsel extending time to file pleadings is not binding except when in compliance with this code section and it is filed with the court. [Cit.]" *Ewing v. Johnston*, 175 Ga. App. 760 (1b) (334 SE2d 703) (1985). As may be seen from the recitation above, all of appellants' requests for extensions were late. Regardless of appellants' assertions concerning agreements of counsel and pretermitting any question whether the computation of a time period established by stipulation of counsel is governed by OCGA § 1-3-1 (d) (3) so as to extend the period another day if it ends on a holiday, the undeniable showing of the record is that appellants were late filing each extension and the answer. There was no error in entering a default judgment as to liability. *Ewing v. Johnston*, supra.

2. In support of their motion to open the default, appellants have invoked the equities of the situation, contending that appellee's counsel did not follow through on agreements to file documents that appellants were obliged to file and that appellee waived the untimeliness of the various filings by agreeing to additional extensions. The waiver argument ignores the fact that the last filings, the third extension and the answer, were late and that appellee did nothing to waive that untimeliness. In fact, the next step taken after the answer was filed was appellee's request for a default judgment. We agree with the trial court that no waiver was shown by that conduct.

Appellants' assertions that appellee's counsel did not timely file documents they entrusted to him for filing are not factually supported by the record. Instead, the record paints a picture of appellants attempting to defend a case in a Georgia court with the assistance of an attorney in another state, preparing documents in that attorney's office on his stationery and pleading paper, but signing the documents "pro se," and relying on opposing counsel to pilot them through the shallows of Georgia pleading practice. The result was a series of late filings, delaying the progress of the case. Although appellants' Georgia counsel has argued persuasively that appellants' neglect in this case is excusable, his appearance in this case, after judgment had already been entered against appellants on the issue of liability, came too late. "The discretion of the trial court in opening a default and permitting defendant to plead will not be interfered with by the appellate courts unless manifestly abused, to the injury of the plaintiff. [Cits.] We do not, as [appellants urge], convert this to a right to have default opened unless prejudice to plaintiff is shown. Upon review of the circumstances, we cannot conclude as a matter of law the [trial] court's denial of the request to open the default was a manifest abuse of discretion. [Cit.]" *Barone v. McRae & Holloway, P.C.*, 179 Ga. App. 812 (2) (348 SE2d 320) (1986).

3. Appellants contend that they are entitled to a jury trial on the

issue of damages because they filed a pleading pursuant to OCGA § 9-11-55 (a) putting the damages in issue. That Code section provides as follows on the question of damages: "If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages; provided, however, in the event a defendant, though in default, has placed damages in issue by filing a pleading raising such issue, either party shall be entitled, upon demand, to a jury trial of the issue as to damages." We do not accept appellants' argument that the last quoted proviso applies in every default case, no matter what the character of the damages sought. It is clear to us that the legislature intended that proviso to apply in those cases where the damages would have to be established by evidence. Otherwise, that proviso would conflict with the statement in the same sentence that a plaintiff, in a case not involving unliquidated damages and not ex delicto, is entitled to judgment as if every item and paragraph of the complaint were established by evidence. We hold, therefore, that the right of a defendant in default to force a jury trial on the issue of damages is limited to those instances in which the action is ex delicto or the damages sought are unliquidated.

In his complaint, appellee alleged that he had given appellant Fadum $25,000 as his contribution to a partnership to be formed by the two. He also alleged that the parties agreed that the money would be returned if the partnership was not formed, and that Fadum subsequently refused to enter into any partnership agreement, but also refused to return the money as he had agreed to do. The damages awarded to appellee by the trial court included a judgment for $25,000. It may be seen from the complaint, the allegations of which must be taken as true because of appellants' default, that the sum of $25,000 was pleaded as liquidated damages. That being so, appellee was entitled to the monetary damages awarded by the trial court without being required to establish them to a jury.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1988 —
REHEARING DENIED MARCH 28, 1988 —

*Jere F. Wood*, for appellants.
*J. Arthur Lee, Jr., Guy E. Davis, Jr.*, for appellee.