A94A0861, A94A0862. WELDON v. BOARD OF
COMMISSIONERS OF MONROE COUNTY (two cases).
A94A0863, A94A0864. BOARD OF COMMISSIONERS OF
MONROE COUNTY v. WELDON (two cases).
(443 SE2d 513)

JOHNSON, Judge.
Janice Weldon, Tax Commissioner of Monroe County, filed a declaratory judgment action against the county Board of Commissioners to determine whether she is entitled to retain fees charged by her of-

fice in conjunction with the issuance of motor vehicle license tags as part of her compensation as tax commissioner. Local legislation enacted by the General Assembly in 1977 established a method for determining the compensation to be paid to the Monroe County Tax Commissioner. The interpretation of that act, Ga. L. 1977, p. 3916 et seq., forms the basis of the controversy between Weldon and the Board.

In 1977 Weldon's predecessor held the position of county tax commissioner. Weldon assumed the position in May 1991, finishing her predecessor's unexpired term. She was elected in 1992, and her first full term of office began on January 1, 1993. Prior to Weldon taking office for the full term beginning in 1993, the county attorney for Monroe County notified the county auditor that, in his opinion, as of January 1, 1993, compensation for the office of tax commissioner should be controlled by OCGA § 48-5-183 rather than the local act. In addition to the statutory salary, the attorney noted that the tax commissioner was eligible for two additional permissible sources of compensation: Fees for service as sheriff ex officio, permitted by OCGA § 48-5-137, and fees for collecting City of Forsyth taxes, permitted by OCGA § 48-5-359.1. In no event, he opined, was she authorized to retain the fees associated with the issuance of license tags because section 3 of the local act is in conflict with OCGA § 40-2-33 (c) (2), a general law.

The trial court specifically held that the provision regarding retention of license tag fees contained in section 3 of the 1977 Act applied only to Weldon's predecessor. The court recognized that this provision allowing the tag agent to keep the fees conflicts with OCGA § 40-2-33 (c) (2), which requires that these fees be transferred into the general treasury of the county when the collecting agent is a county employee receiving a salary in excess of $7,999 per year. The trial court also held that Art. III, Sec. VI, Par. IV of the Constitution of the State of Georgia requires that in the event of any conflict between the local act and the general statute, the conflict must be resolved by deferring to the general statute. The trial court concluded by finding that, in any event, the 1977 local act was only applicable to the tax commissioner in office at the time of its enactment, not to her successors. The trial court concluded that Weldon was not entitled to retain license tag fees as compensation, and "from henceforth" must pay those fees into the county treasury.

1. Case Nos. A94A0861 and A94A0863 are dismissed as premature and for lack of jurisdiction, as they were filed as direct appeals during the pendency of the case in the trial court, where the Board of Commissioners' motion for new trial had not yet been decided. These two appeals raise the identical issues raised in Case Nos. A94A0862 and A94A0864, which are properly before this court and are decided

on their merits herein below.

## Case No. A94A0862

2. Weldon asserts that the trial court erroneously found that the 1977 local act is controlled and superseded by OCGA § 40-2-33 (c) by virtue of the provisions of Art. III, Sec. VI, Par. IV of the Constitution of the State of Georgia, which is triggered when a local act conflicts with a statute of general application. Section 2 of the 1977 local act provides that: "After the effective date of this Act, if that person occupying the office of Tax Commissioner shall not have served previously as the Tax Commissioner of Monroe County, such Tax Commissioner shall receive that minimum annual salary provided for in an Act approved March 31, 1976 (Ga. L. 1976, p. 988), relating to minimum salary for the tax commissioners of this State." OCGA § 40-2-33 (c) (2) regulates the disposition of license tag fees, and provides that: "If such tag agent shall be a salaried employee of the county and at a salary in excess of $7,999.00 per annum, the amount of such fees so collected shall go into the general treasury of the county."

Evidence presented at trial established that Weldon's current base salary is $21,271 and she receives a supplement from the county, bringing her present salary level to $30,497. This salary exceeds the maximum salary contemplated by OCGA § 40-2-33 (c) (2) that Weldon, as tag agent, may receive and still be authorized to retain license tag fees as part of her compensation.

Weldon argues that Art. IX, Sec. I, Par. III of the Georgia Constitution authorizes compensation for tax commissioners based on fees, salaries, or a combination thereof. While this is correct, that paragraph also provides that such compensation must be "in such manner as may be directed by law." OCGA § 40-2-33 (c) (2) is in harmony with this constitutional provision, and simply constitutes a statutory exception to those fees which otherwise may comprise the compensation paid to a county tax commissioner. " '(O)ur system of law is not to be construed by single Code sections or single provisions of the law; the entire system must be construed as a whole to determine the intent and purpose of the law as applied to each particular case or state of facts.' *Lucas v. Smith*, 201 Ga. 834, 837 (41 SE2d 527) (1947). 'It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto.' *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731 (48 SE2d 86) (1948)." *Dept. of Banking &c. v. Independent Ins. Agents*, 158 Ga. App. 556, 558 (2) (281 SE2d 265) (1981).

When read together, there is no conflict between OCGA § 40-2-33 (c) (2) and Art. IX, Sec. I, Par. III of the Georgia Constitution.

The trial court did not err in finding that, pursuant to Art. III, Sec. VI, Par. IV of the Georgia Constitution, the general law takes precedence over the local law regarding the retention of the license tag fees. See *Mobley v. Bd. of Commrs. of Polk County*, 252 Ga. 33, 35 (2) (311 SE2d 178) (1984); *Belcher v. Sumter County*, 145 Ga. App. 173 (243 SE2d 110) (1978). At no time during her service as tax commissioner was Janice Weldon legally authorized to retain any license tag fees as a part of her compensation.

3. Weldon asserts that the trial court erred in finding that section 3 of the local act governing the operations of the office of Tax Commissioner of Monroe County, which provides that "the Tax Commissioner" is entitled to retain motor vehicle license plate fees as part of her compensation, applied only to the tax commissioner who was in office on the effective date of the act. We disagree.

OCGA § 48-5-183 (e) provides: "Notwithstanding any other provisions of this Code section, any tax collector or tax commissioner who, prior to July 1, 1979, was entitled to the commissions allowed by Code Section 40-2-33 may elect to receive the salary he was receiving prior to July 1, 1979, together with such commissions relating to the sale of motor vehicle license plates in lieu of the minimum salary provided in subsection (b) of this Code section." This provision explains that the exception made for Weldon's predecessor in office under the 1977 local act had a statutory basis, and it must be read to disapprove the continuation of this method of compensation for any tax commissioner taking office after July 1, 1979. Therefore, the trial court did not err in construing that portion of the 1977 local act regarding retention of license plate fees to be applicable only to the then incumbent tax commissioner, who remained in office beyond July 1, 1979. That provision of the 1977 local act thus became ineffective as of May 1991, with the retirement of Janice Weldon's predecessor, and did not apply to Janice Weldon at any time.

### Case No. A94A0864

4. The Board's cross-appeal asserts that the trial court erred in holding that "*henceforth* all fees from tag sales shall be paid into the County treasury." (Emphasis supplied.) The trial court denied the Board's motion for new trial with regard to this issue because no evidence was presented at the trial of the case establishing the amount of fees, if any, which had been paid while Janice Weldon served as tax commissioner between May 1991 and the effective date of the October 1993 order.

Prospective application of its holding is illogical in light of the

trial court's finding that Weldon is not legally entitled to retain the fees collected by her office in connection with the issuance of license tags. All such fees collected from the date Weldon assumed office in May 1991, were made the property of the county by statute, and Weldon had a legal duty to transfer these fees to the general treasury of the county. See OCGA § 40-2-33 (c) (2). The Board, in the prayer for relief contained in its response to Weldon's declaratory judgment action, asked the court to "order Petitioner to pay to Respondent any and all fees which Petitioner has retained unlawfully." We do not construe the Board's prayer for relief as a counterclaim as did the trial court; rather, we find that it is a request for a declaratory ruling regarding the license tag fees collected by Weldon from the date she assumed the office of tax commissioner in May 1991. As a matter of law, those funds were required to be transferred by Weldon to the general treasury of Monroe County and were the property of the county. The fees never belonged to Weldon, and she cannot retain them through a prospective application of the trial court's judgment in this case.

That portion of the trial court's order regarding license fees collected from the date Weldon assumed office in May 1991 through the effective date of the trial court's judgment in the declaratory judgment action is reversed. The case is hereby remanded, and the trial court is directed to require Weldon to reimburse Monroe County in an amount equal to the total of fees collected in conjunction with the issuance of license tag fees retained from the date upon which she took office until the date of the trial court's original order. We presume that the parties will be able to determine and stipulate the amount. In the event they are unable to do so, however, the trial court is directed to take whatever procedural steps it finds appropriate to ascertain the correct amount and accomplish the transfer.

*Appeals dismissed in Case Nos. A94A0861 and A94A0863. Judgment affirmed in Case No. A94A0862. Judgment reversed and case remanded with direction in Case No. A94A0864. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 30, 1994 —
RECONSIDERATION DENIED APRIL 13, 1994 — 

*Crumbley & Crumbley, Wade M. Crumbley*, for appellant.
*W. Franklin Freeman, Jr., James A. Vaughn*, for appellee.