A96A0660. CHESHIRE BRIDGE ENTERPRISES, INC. et al.
v. THE STATE.
(472 SE2d 6)

POPE, Presiding Judge.

Plaintiffs Cheshire Bridge Enterprises, Inc. (d/b/a "Club Any-time") and C. A. V. Corporation (d/b/a "Weekends at Backstreet") operate private clubs in Atlanta. After being cited by the State for selling alcoholic beverages after 2:55 a.m. on Sunday in violation of OCGA § 3-3-20 (a), they brought this action for declaratory and injunctive relief as well as damages, arguing that the prohibition on Sunday liquor sales contained in Chapter 3 of Title 3 does not apply to private clubs. The trial court denied plaintiffs' request for a preliminary injunction and granted the State's motion to dismiss the complaint for failure to state a claim. Concluding that Chapter 3 of Title 3 does apply to private clubs, we affirm.

1. "[E]xcept as specifically authorized by law, no person knowingly and intentionally shall sell or offer to sell alcoholic beverages on Sunday." OCGA § 3-3-20 (a). Atlanta is authorized to allow the sale of alcoholic beverages until 2:55 a.m., and has done so. See OCGA § 3-3-7 (d) (1); Atlanta Code § 10-209 (d) (formerly § 14-2126 (d)). But plaintiffs wish to continue their sales of alcoholic beverages throughout the morning, day, and night on Sundays.

(a) Plaintiffs first assert that because Chapter 7 of Title 3 applies specifically to the sale of distilled spirits by private clubs, the more general requirements of Chapter 3, including the prohibition on Sunday sales quoted from OCGA § 3-3-20 (a) above, do not apply. Statutes relating to the same subject matter should be read together and harmonized to the extent possible,[1] however, and a review of the full Title 3 shows that plaintiffs' interpretation is not a reasonable way to read and harmonize Chapters 3 and 7. Chapter 3, entitled "Regulation of Alcoholic Beverages Generally," does just what its title indicates: in addition to restricting the sale of alcoholic beverages on Sundays, for example, it prohibits the sale of liquor which does not

---

[1] *Weldon v. Bd. of Commrs. &c.*, 212 Ga. App. 885 (2) (443 SE2d 513) (1994); see also *Hawes v. Dinkler*, 224 Ga. 785, 789 (2) (164 SE2d 799) (1968).

meet federal and state standards as to quality and purity (OCGA § 3-3-5); it restricts the sale of alcoholic beverages near churches and schools (OCGA § 3-3-21); it prohibits the sale of alcoholic beverages to already intoxicated persons (OCGA § 3-3-22); and it prohibits the sale of alcoholic beverages to underage persons (OCGA § 3-3-23). Chapter 7 addresses none of these topics. Thus, when read together, there is no contradiction between Chapters 3 and 7, and no reason they should not both apply. Indeed, if plaintiffs' position was accepted and Chapter 3 did not apply to facilities covered by other specific chapters, there would be no law against private clubs selling impure alcohol or selling alcoholic beverages to minors; and the same would be the case for publicly owned facilities covered by Chapter 8, and passenger carriers and hotels covered by Chapter 9.

We also note that in OCGA § 3-3-21, the Code section restricting the sale of alcoholic beverages near churches and schools, the legislature explicitly provided that the restrictions in that section would not apply to private clubs — a provision which would be unnecessary, of course, if Chapter 3 as a whole was not intended to apply to those clubs. See OCGA § 3-3-21 (b) (2).

(b) The prohibition against Sunday sales contains the phrase "except as specifically authorized by law," and plaintiffs next argue that the Atlanta Code specifically authorizes them to sell alcoholic beverages after 2:55 a.m. on Sunday. They base this argument on the last sentence of the City ordinance prohibiting Sunday sales after 2:55 a.m., which states that "this subsection shall not apply to private clubs." See Atlanta Code § 10-209 (d). Even if such an exclusion from a prohibition could be deemed a specific authorization, however, "[t]he City of Atlanta cannot by ordinance authorize an act to be done which is expressly prohibited by State statute." *Hawes*, 224 Ga. at 789.

2. In light of our conclusion that private clubs cannot sell alcohol after 2:55 a.m. on Sundays, we need not address plaintiffs' contention that the trial court should have granted their request for a preliminary injunction.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 14, 1996.

*Brookins & Cook, O. Jackson Cook*, for appellants.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Jr., Grace E. Lewis, Senior Assistant Attorneys General*, for appellee.