### S99A1451. BROWN v. LIBERTY COUNTY et al.
(522 SE2d 466)

CARLEY, Justice.

Article IX, Section I, Paragraph III (b) of the Georgia Constitution of 1983 provides that a county tax commissioner may be compensated "on a fee basis, salary basis, or fee basis supplemented by salary, in such manner as may be directed by law." Carolyn Brown has served as Tax Commissioner of Liberty County since 1993 and, in her official capacity, she brought this declaratory judgment action to determine the method and amount of her compensation for the 1993-1998 period. She relied upon Ga. L. 1975, p. 3862, alleging that this local legislation authorized her to receive, in addition to her salary, compensation in the form of fees or commissions based upon the sale of automobile tags in Liberty County and the amount of ad valorem taxes collected therein, as authorized by OCGA §§ 40-2-33 and 48-5-180. The County's position was that OCGA § 48-5-183 controlled, and entitled Commissioner Brown to receive only her salary unsupplemented by any fees or commissions. The State of Georgia is a named party because of Commissioner Brown's attack on the constitutionality of OCGA § 48-5-183. The trial court found that OCGA § 48-5-183 was controlling, and granted partial summary judgment in favor of the County. Commissioner Brown appeals.

Commissioner Brown contends that OCGA § 48-5-183 is unconstitutionally vague.

It is a basic rule of construction that a statute or constitutional provision should be construed "to make all its parts harmonize and to give a sensible and intelligent effect to each part(, as i)t is not presumed that the legislature intended that any part would be without meaning." [Cit.]

*Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994). OCGA § 48-5-183 (b) (1) fixes a minimum annual salary for tax commissioners based upon county population. Although Commissioner Brown insists that the statute does not apply to her, subsection (a) of OCGA § 48-5-183 excludes from its application only those tax commissioners who are "compensated by the fee system of compensation *in lieu of* a fixed salary." (Emphasis supplied.) This provision clearly refers only to those tax commissioners who are paid by fees alone and, thus, it does not exclude Commissioner Brown. It is undisputed that no general or local law ever compensated her exclusively by the "fee system." The exclusionary provision of OCGA § 48-5-183 (a) is entirely consistent with the remainder of that subsection, which simply prohibits tax commissioners who are covered by the statute and serve in counties having a population of 45,000 or more, such as Commissioner Brown, from receiving, on and after January 1, 1995, any fees authorized by OCGA §§ 40-2-33 or 48-5-180. When harmonized and reasonably construed, OCGA § 48-5-183 (a) is not unconstitutionally vague, as it gives sufficient notice of its coverage to counties and their tax commissioners, and we cannot call its provisions meaningless or contradictory. See *Riley v. H & H Operations*, 263 Ga. 652, 653 (1) (436 SE2d 659) (1993); *King v. Peagler*, 227 Ga. 29, 32 (3) (178 SE2d 897) (1970). Indeed, several "grandfather" clauses of the statute remove all doubt that it applies to Commissioner Brown. In particular, subsection (f) provides that a tax commissioner who was receiving both salary and fees prior to January 1, 1980 may elect to be excluded from the statute. Thus, that subsection obviously contemplates application of the statute to tax commissioners whose compensation includes both salary and fees.

By its explicit terms, OCGA § 48-5-183 prevails over local acts which provide for a salary that is less than the minimum salary set out in subsection (b). OCGA § 48-5-183 (g). See also *Weldon v. Bd. of Commrs.*, 212 Ga. App. 885, 888 (3) (443 SE2d 513) (1994). Thus, OCGA § 48-5-183 controls over the local act upon which Commissioner Brown relies. For her entire tenure, her statutorily mandated minimum salary under OCGA § 48-5-183 has been higher than that provided in the local act, as well as higher than the maximum salary permitted in order to receive fees pursuant to OCGA §§ 40-2-33 and 48-5-180. Thus, under OCGA § 48-5-183 (a), she cannot claim any additional fees after January 1, 1995, whereas, under OCGA §§ 40-2-

33 and 48-5-180, she is not entitled to any additional fees before that date. Commissioner Brown argues that the limitation in OCGA § 40-2-33 does not apply to her because she is a county officer, and not a tag agent who is "a salaried employee of the county." OCGA § 40-2-33 (c) (2). However, OCGA § 40-2-33 (c) (2) necessarily applies to county officers such as Commissioner Brown, since every tag agent is either a tax collector or a tax commissioner and, thus, a county officer. OCGA § 40-2-23 (a). See also *Weldon v. Bd. of Commrs.*, supra at 887 (2).

Accordingly, while Commissioner Brown was authorized to be paid not less than the minimum salary mandated by OCGA § 48-5-183 (b) (1), she was not entitled to any additional fees under OCGA §§ 40-2-33 or 48-5-180 as compensation for her service from 1993 through 1998. Therefore, the trial court correctly granted partial summary judgment in favor of the County.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1999 —
RECONSIDERATION DENIED NOVEMBER 10, 1999.

*William C. Randall, Alycia D. Foggs-Anderson,* for appellant.

*Thurbert E. Baker, Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Anthony J. Musto, Assistant Attorney General, Jones, Osteen, Jones & Arnold, J. Noel Osteen, L. Kelly Davis,* for appellee.