A00A2413, A00A2414, A00A2415. BROWN v. LIBERTY COUNTY et al. (three cases).

(544 SE2d 738)

MIKELL, Judge.

Carolyn Brown filed a declaratory judgment action against Liberty County, Liberty County School District, Liberty County Industrial Authority, and Liberty County Hospital Authority[1] ("defendants") to determine whether her compensation as tax commissioner of Liberty County from January 1, 1993, to March 31, 1998, should have been a salary or a salary plus fees and commissions. The trial court ruled adversely to Brown, and its judgment was affirmed on appeal.[2] She now appeals from three post-judgment orders entered by the trial court.

In Case No. A00A2413, Brown appeals the order compelling her to return to Liberty County funds that she utilized for her legal defense. In Case No. A00A2414, Brown appeals the trial court's order compelling her to reimburse to defendants monies she utilized to overcompensate herself as tax commissioner. Finally, in Case No. A00A2415, Brown appeals the order sustaining the defendants' objection to her voluntary dismissal. Since these cases involve the same facts, we consolidate them for disposition on appeal.

"Every court has power to compel obedience to its judgments, orders, and process. . . ."[3] "This court will not undertake to control

---

[1] Frank Bagley, the tax commissioner who preceded Brown, was initially named in the lawsuit, but was subsequently dismissed.

[2] *Brown v. Liberty County*, 271 Ga. 634 (522 SE2d 466) (1999).

[3] OCGA § 15-1-3 (3).

the wide discretion vested in the trial court in the exercise of this fundamental power unless it is made to appear that wrong or oppression has resulted from an abuse of such discretion reposed in the court."[4] Having found no abuse of discretion by the trial court, we affirm all of its rulings.

The facts pertinent to this appeal are as follows: Brown was elected to the position of tax commissioner of Liberty County and began serving her term on January 1, 1993. From that time until March 31, 1998, she asserted that her compensation should be based on Ga. L. 1975, p. 3862, which provided an annual salary of $7,500, plus fees and commissions. The fees or commissions were based upon the sale of automobile tags in Liberty County and the amount of ad valorem taxes collected, as authorized by OCGA §§ 40-2-33 and 48-5-180.

The defendants did not agree that Brown should collect fees or commissions, in addition to her salary. Instead, they maintained that the amount of her salary was governed by OCGA § 48-5-183. OCGA § 48-5-183 (a) provides: "On and after January 1, 1995, no tax collector or commissioner in a County having a population of 45,000 or more shall be entitled to fees authorized by Code Section 48-5-180 or Code Section 40-2-33." In addition, OCGA § 48-5-183 (b) (1) sets forth a salary scale fixing the salary for tax collectors and tax commissioners in Georgia according to the population of the County they serve. Brown filed a complaint for declaratory judgment and ancillary relief to resolve the dispute. Defendants answered on October 17, 1997, asserting that OCGA § 48-5-183 controlled.

On June 22, 1998, the defendants amended their answer to include a prayer for relief asking the court to determine, and order Brown to repay, all monies which she had unlawfully retained plus interest. On the same day, the defendants filed a motion for partial summary judgment asking the court to find as a matter of law that Brown's salary was controlled by OCGA § 48-5-183. The trial court granted the defendants' motion on September 30, 1998.

Brown appealed the trial court's grant of summary judgment arguing that OCGA § 48-5-183 was unconstitutionally vague.[5] While awaiting the Supreme Court's ruling, the parties consented to the jurisdiction of the trial court to rule on the defendants' writ of obedience and motion to compel obedience. On September 29, 1999, the trial court issued the following consent order: (1) Brown was to allow Liberty County or its duly authorized agents to audit several bank

---

[4] (Citations omitted.) *Young v. Champion*, 142 Ga. App. 687, 691 (236 SE2d 783) (1977).

[5] Brown appealed to this Court, but since her appeal required addressing the constitutionality of OCGA § 48-5-183, the case was within the Supreme Court's exclusive jurisdiction. Thus, the appeal was transferred to the Supreme Court.

accounts used for county business; (2) until ten days following the remittitur by the Supreme Court, Brown was enjoined from disbursing funds from all but one of the audited accounts and from disposing of any of her assets, and defendants were enjoined from filing any further actions against Brown; (3) the parties were to establish a joint bank account that would be funded by the audited bank accounts and would require signatures of both parties for all disbursements; and (4) Brown was to pay into the joint account funds reimbursed to herself as attorney fees and related litigation costs in the approximate amount of $118,000, the exact amount to be determined pursuant to the audit.

On October 18, 1999, the Supreme Court ruled that OCGA § 48-5-183 was not vague and affirmed the trial court's grant of partial summary judgment to the defendants.[6] The Supreme Court held that "while Commissioner Brown was authorized to be paid not less than the minimum salary mandated by OCGA § 48-5-183 (b) (1), she was not entitled to any additional fees under OCGA § 40-2-33 or § 48-5-180 as compensation for her service from 1993 through 1998."[7] Following the remittitur from the Supreme Court, the defendants repeatedly requested that Brown disburse the funds in the joint account to the County treasury. Brown did not comply. On February 17, 2000, the defendants filed a motion to compel obedience to order of the court, to which Brown timely responded. On the next day, February 18, 2000, Brown filed a voluntary dismissal without prejudice, to which the defendants timely objected.

On May 15, 2000, having heard oral argument from all parties, the trial court entered three separate orders. It ordered Brown to pay $199,839.72 to Liberty County as reimbursement for her legal expenses. The trial court also ordered Brown to return $977,877.45, plus interest at a rate of seven percent per annum to Liberty County for her overcompensation. Finally, the trial court sustained the defendants' objection to Brown's voluntary dismissal. It is these three orders from which Brown appeals.

### Case No. A00A2413

Brown contends that the trial court erred because it was not authorized to determine the amount she owed the County for attorney fees without holding an evidentiary hearing. We disagree for two reasons: Brown did not request an evidentiary hearing, and she consented to the court-ordered audit.

Our review of the record and transcripts before us shows that

---

[6] *Brown*, supra.
[7] Id. at 636.

Brown did not request an evidentiary hearing. "Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken."[8] Moreover, Brown's failure to include in the record on appeal the transcript from the hearing that resulted in the initial order that she reimburse Liberty County for her attorney fees is fatal to her contention. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed."[9] Accordingly, Brown's argument that the court should have conducted an evidentiary hearing is without merit.

Brown's contention that the trial court was not authorized to determine the amount she owed is also without merit. The trial court was so authorized because Brown consented to the court-ordered audit to determine the amount. "One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing, unless it plainly appears that his consent was obtained by fraud or mistake."[10] Brown agreed to pay at least $118,000 for attorney fees and consented to the audit to determine the exact amount owed.

The affidavit of the auditor, C. T. Lightle, submitted with defendants' motion to compel, stated that the total amount that Brown reimbursed to herself for legal expenses was $199,839.27. In Brown's response to defendants' motion, she did not dispute the auditor's findings by affidavit or otherwise. Since there was no issue in dispute, we cannot find that the trial court abused its discretion in ordering Brown to comply with its order to pay attorney fees or the amount of those fees.

### Case No. A00A2414

On appeal from the trial court's order that she reimburse the County in the amount of $977,877.45 for fees and commissions she unlawfully retained, Brown raises the same argument, i.e., that the trial court was not authorized to determine the amount of the reimbursement without holding an evidentiary hearing. We disagree for the same reasons set forth above. Brown did not file a request for an evidentiary hearing. She did not orally request an evidentiary hearing during the hearing on defendants' motion for partial summary judgment on August 27, 1998, or during the hearing on defendants' motion to compel obedience on May 12, 2000. Since Brown cannot

---

[8] (Citation omitted.) *Lee v. American Central Ins. Co.*, 243 Ga. App. 759, 761 (1) (a) (530 SE2d 731) (2000).

[9] *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999).

[10] (Citation omitted.) *Mulle v. Yount*, 211 Ga. App. 584, 586 (2) (440 SE2d 210) (1993).

raise on appeal questions she failed to raise below, her argument is without merit.[11]

Moreover, we conclude that the trial court was authorized to order Brown to return the fees and commissions she retained unlawfully. In an action for declaratory judgment, the trial court is authorized to award the petitioner the relief the pleadings and evidence show he is entitled to recover.[12] In Brown's complaint, she specifically requested that the trial court "direct the parties as to plaintiff's entitlement to fees, commissions or salaries and direct plaintiff as to the disbursement of funds remaining in her hands and as to the future rights of the parties herein." Since Brown specifically requested the affirmative relief, she cannot now object to its validity.[13]

There is no dispute that Brown paid herself $977,877.45 in fees and commissions. This amount first appeared in the affidavit of Larry R. Golden,[14] which is attached to defendants' motion for partial summary judgment. Relying on Golden's affidavit, the defendants asserted that Brown had paid herself $977,877.45. In support of their assertion, the defendants also cited Brown's deposition testimony. Brown deposed that during the relevant time, she paid herself commissions in the amount of $664,666.02 on the ad valorem taxes she collected, and fees in the amount of $313,211.43 from the license tag fees she collected.[15]

Brown's explanation for the fees she paid herself is as follows:

> While it is admitted that the figures involved in the present case are large, especially when several years of compensation are placed in one lump sum, it is clear that the compensation claimed by plaintiff is based upon strict compliance with the governing legislation.

Brown also attached the report of Donald Crews, her expert auditor. Crews' report did not contradict the amount determined by Golden.[16] Accordingly, as there was no dispute as to the amount Brown overcompensated herself, the trial court was authorized to order her to return the funds to Liberty County. We note, also, that since there was no dispute, an evidentiary hearing would have served no pur-

---

[11] *Peavy v. Goodroe*, 237 Ga. App. 36, 37 (1) (514 SE2d 699) (1999).

[12] OCGA § 9-4-3 (a).

[13] See *Rush v. Southern Property Mgmt.*, 121 Ga. App. 360 (173 SE2d 744) (1970) (despite no authority to do so by statute, the court ordered the affirmative relief requested by the plaintiff).

[14] In his affidavit, Golden states that he has served as an auditor for Liberty County since 1972.

[15] The sum of these figures is $977,877.45.

[16] Crews deposed that OCGA § 48-5-183 did not apply to Brown, and based on his review of records he received from her, she paid herself at least $823,052 in fees.

pose.[17]

Our ruling in *Weldon v. Bd. of Commrs. of Monroe County*[18] also supports the trial court's authority to determine the amount Brown owed and to order her to pay it. Like this case, *Weldon* also involved an appeal from a declaratory judgment ruling. Weldon, the tax commissioner of Monroe County, argued that she was entitled to retain license tag fees as compensation. We affirmed the portion of the trial court's order that Weldon was not entitled to retain the fees. We reversed, however, the portion of the trial court's order that she did not have to pay the fees she had already collected into the county treasury, but only had to pay those collected "henceforth."[19] Instead, we remanded to the trial court with direction that it order the plaintiff to reimburse the county for all of the fees she unlawfully retained since taking office.[20] We held: "All such fees . . . were made the property of the County by statute, and Weldon had a legal duty to transfer these fees to the general treasury of the county."[21] Furthermore, we found that since the defendants' prayer for relief was actually a request for a declaratory ruling,[22] the trial court could order that the funds be transferred to the County because they were the property of the County as a matter of law.[23] Consequently, we ordered the trial court to take whatever procedural steps it deemed necessary to determine the amount that Weldon owed.[24]

Similarly, the fees and commissions that Brown unlawfully retained are the property of Liberty County. Accordingly, like the tax commissioner in *Weldon*, Brown has a legal duty to return them. Furthermore, since the prayer for relief in this case was the same as that in *Weldon*, the trial court is authorized to compel the return of the funds as a matter of law. The only distinction between *Weldon* and this case is that here, using *Weldon* as its authority, the trial court took the procedural step it deemed necessary. It ordered, and Brown consented to, an audit to determine the amount Brown owed. Furthermore, in this case, Brown admitted in deposition the amount owed. Therefore, *Weldon* supports the trial court's authority to determine the amount of the fees owed and to order Brown to return them.

---

[17] But see *Cole v. Smith*, 182 Ga. App. 59, 63 (3) (354 SE2d 835) (1987) (declaratory judgment action remanded for an evidentiary hearing on damages where there was no evidence as to the amount of damages and the trial·court relied on the fact that the defendant defaulted).

[18] 212 Ga. App. 885 (443 SE2d 513) (1994), cert. denied, 212 Ga. App. 897 (1994).

[19] *Weldon*, 212 Ga. App. at 889 (4).

[20] Id.

[21] Id.

[22] In their prayer for relief, the *Weldon* defendants asked the court to order petitioner to pay respondent any and all fees which petitioner had unlawfully retained. Id. at 889 (4).

[23] Id.

[24] Id.

The only case Brown cites in support of her argument that an evidentiary hearing was required is *Fadum v. Liakos*.[25] In *Fadum*, we held "that the right of a defendant in default to force a jury trial on the issue of damages is limited to those instances in which the action is ex delicto or the damages sought are unliquidated."[26] *Fadum* is inapposite. It involved an action for damages sought under OCGA § 9-11-55. This case is not an action for damages, but a declaratory judgment wherein the trial court is authorized to award the relief to which the pleadings and evidence show the petitioner is entitled.[27] In this case, the undisputed evidence showed that Brown unlawfully retained fees and commissions in the amount of $977,877.45, which rightfully belonged to Liberty County. Thus, the trial court did not abuse its discretion by ordering her to return the money to its rightful owner.

## Case No. A00A2415

Brown argues that the trial court erred by sustaining the defendants' objection to her voluntary dismissal. OCGA § 9-11-41 (a) provides, in relevant part:

> [A]n action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. . . . If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

"While a plaintiff is entitled to voluntarily dismiss an action without prejudice despite the inconvenience and irritation to the defendant, this Court . . . has held that a plaintiff may not voluntarily dismiss his complaint after the defendant has filed defensive pleadings seeking affirmative or other relief."[28] Brown argues that since the defendants did not file a counterclaim, she was entitled voluntarily to dismiss the case. We disagree. In *Moore v. Moore*,[29] the Supreme Court reversed the trial court's order that the plaintiff could voluntarily dismiss his case because the defendant had not filed a counterclaim.

---

[25] 186 Ga. App. 556 (367 SE2d 843) (1988).
[26] Id. at 558 (3).
[27] OCGA § 9-4-3 (a).
[28] (Citations and punctuation omitted.) *Avnet, Inc. v. Wyle Labs.*, 265 Ga. 716, 717-718 (1) (461 SE2d 865) (1995).
[29] 253 Ga. 211 (317 SE2d 529) (1984).

It held that "a plaintiff may not voluntarily dismiss his complaint after the defendant has filed defensive pleadings seeking affirmative or other relief."[30] *Moore* warrants the same result in this case. The defendants here sought affirmative relief in their amended answer.[31]

Brown argues that *Moore* is distinguishable because the *Moore* defendant did eventually file a counterclaim. This argument lacks merit. In *Moore*, the trial court's decision to disregard the untimely filed counterclaim did not affect the Supreme Court's decision. *Moore* reversed the trial court's grant of dismissal solely because the defendant requested affirmative relief in her defensive pleadings. Brown's argument that *Moore* is also distinguishable because it is a divorce case involving different policy considerations than the case at bar also fails. There is no language in *Moore* that supports Brown's inference that special treatment was accorded the *Moore* defendant due to the nature of the case. Accordingly, we affirm the trial court's order sustaining the defendants' objection to Brown's voluntary dismissal.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JANUARY 16, 2001.

*Johnson, Freeman & Perkins-Hooker, Ronald J. Freeman, Thomas A. Cox, Jr.,* for appellant.

*Jones, Osteen, Jones & Arnold, James N. Osteen, L. Kelly Davis, Alston & Bird, Dow N. Kirkpatrick II, Kenneth D. Steele, Alycia Foggs-Anderson,* for appellees.

---

[30] Id. at 212.

[31] Pursuant to OCGA § 9-11-15 (a), a party may amend its pleading without leave of court at any time before the entry of a pretrial order. The amendment relates back to the date of the original pleading. OCGA § 9-11-15 (c). There is no allegation in this case the amendment was untimely.